UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASEAN JOHNSON,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO,<br><br>　　　　　　　　　Defendant. | Case No.: 3:17-cv-00410-L-NLS<br><br>**ORDER:**<br><br>**GRANTING IN PART AND DENYING IN PART MOTION IN LIMINE TO EXCLUDE IRRELEVANT OR TIME-BARRED EVIDENCE [ECF No. 50]**<br><br>**GRANTING MOTION IN LIMINE TO EXCLUDE WAIVED AND/OR ABANDONED AFFIRMATIVE DEFENSES [ECF No. 51]** |

　　　　Pending before the Court are two motions *in limine* filed by Plaintiff Rasean Johnson ("Johnson"). ECF Nos. 50, 51. The instant motions seek to exclude evidence or reference to such found irrelevant and/or time-barred by applicable statutes of limitation in the Court's order on Defendant City of San Diego's ("City") motion for summary judgment [ECF No. 24] and previous motion *in limine* order [ECF No. 48]. *See id.* Johnson also seeks to preclude evidence, testimony, or argument at trial regarding affirmative defenses pled in the City's Answer but omitted from the Joint Pretrial Order. *See id.* Pursuant to Civil Local Rule 7.1(d)(1), the Court decides these matters on the papers submitted and

without oral argument. For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Johnson's first motion *in limine* and **GRANTS** the second motion.

### I. MANUAL LABOR EVIDENCE (EXHIBITS 87 AND 151)

Johnson seeks to exclude evidence (Exhibits 87 and 151) and argument that he volunteered to perform manual labor tasks rather than being directed to do them by his former supervisor Sheila Beale. ECF No. 50 at 4. Johnson contends that such evidence is not relevant to his retaliation claim or the two adverse employment actions at issue pursuant to the Court's MSJ ruling.[1] *Id.* Johnson also contends that introduction of this evidence would confuse the jury and result in a waste of time and judicial resources. *Id.* The City asserts the exhibits are relevant to rebut Johnson's complaint that Beale asked him to perform tasks outside of his job description and violated workplace safety provisions. ECF No. 52 at 3. In the joint pretrial order ("PTO"), the City proffers that this evidence shows that Johnson volunteered to perform manual tasks before Ms. Beale was his supervisor. However, in light of the single claim set forth in the PTO, Johnson is only raising the retaliation claim at trial. *See* ECF No. 55 at 1-2; L.R. 16.1(f)(6)(c)(2). As such, the Court agrees with Johnson as the exhibits are not relevant to the retaliation issue. Therefore, the Court excludes such evidence pursuant to Federal Rules of Evidence 403 and 402. Accordingly, the Plaintiff's motion *in limine* is **GRANTED** as to this issue.

### II. EMAILS REGARDING DIGITAL ARCHIVES ASSIGNMENT (EXHIBITS 141 AND 143)

Johnson contends these exhibits are irrelevant to any claim or defense at issue at trial because the exhibits predate the December 13, 2015 cutoff for evidence of adverse employment action. ECF No. 50 at 4. Johnson likewise contends the exhibits are unrelated to the two adverse employment actions at issue. *Id.* In opposition, the City contends these exhibits relate to workplace interactions and a source of possible tension between Beale

---

[1] The Court permitted Johnson's retaliation claim to survive to the extent it is based on the following retaliatory actions: 1) the February 11, 2016 removal of Johnson's role as imaging department supervisor; and 2) Johnson's April 2016 transfer to the Public Utilities Department ("PUD"). *See* ECF No. 24.

and Johnson that may bear on causation issues. ECF No. 52 at 4-5. The City argues that the admissibility of this evidence should be determined at trial. *Id.* at 5. In the PTO, the City proffers that this evidence will be used to rebut any claim that this assignment was retaliatory since it was assigned to Johnson before he engaged in protected activity. ECF No. 55 at 48-49. Despite no evidence indicating the assignment was given prior to September 9, 2015, the Court still agrees with the City as this evidence may bear on the claim and defenses at issue during trial. Therefore, the admissibility of this evidence will be determined, if objected to, based on its intended use at trial. Accordingly, the Plaintiff's motion *in limine* is **DENIED** without prejudice as to this issue.

### III. PERSONNEL ACTION REQUESTS (EXHIBITS 33 AND 36)

Johnson seeks to exclude two personnel action request forms, dated March 25, 2010 and August 9, 2013, claiming the forms do not rebut his contention that he was being "groomed" for positions in the City Clerk's Office. ECF No. 50 at 5. The City asserts that the evidence is relevant to Johnson's stated intention to spend his career in the City Clerk's office and any harm attributed to his transfer to PUD. ECF No. 52 at 5. Upon review of the exhibits, the Court finds that Johnson made multiple inaccurate assertions regarding what these exhibits illustrate. Likewise, Johnson's citation to Federal Rule of Evidence 106 is overstated unless he, as the adverse party, would seek to introduce other parts of the exhibits, other writings, or a recorded statement that should be considered in the interest of fairness. The City's offer of proof shows it intends to use these exhibits to rebut Johnson's claim that he was being groomed for positions within the Clerk's office. ECF No. 55 at 16-17. However, the City now asserts these exhibits now are relevant to liability and damages. ECF No. 52 at 5. While the Court recognizes the waning relevance of these exhibits with the City's shifting intentions for its use, the admissibility of this evidence will be best evaluated at trial. Accordingly, Johnson's motion *in limine* regarding these exhibits is **DENIED** without prejudice.

## IV. HAROLD BARCLAY'S TESTIMONY REGARDING HIS EEO INVESTIGATION

Plaintiff seeks to exclude testimony, evidence, or argument by Harold Barclay regarding the details of his investigation. ECF No. 50 at 5-6. The City contends Harold Barclay's testimony will be used to introduce exhibits, testify concerning the City's EEO policies and the process of investigating a discrimination complaint, and admonishments made during investigation. ECF No. 53 at 7-8. The joint exhibits the City seeks to introduce could be introduced through other witnesses; for example, joint exhibit 5 (a letter from Harold Barclay to Johnson dated March 28, 2016) could expectedly be introduced during Johnson's testimony. Likewise, the admonishments regarding the City's policy prohibiting retaliation given to the complaining party and subject of the investigation could be testified to through those parties, Johnson and Beale. The Court agrees with Johnson in that any testimony Barclay may give should not touch on the contents of his investigation. Nonetheless, in this pretrial vacuum, the Court refrains from deciding the admissibility question here. During trial, the Court can make a much clearer assessment of the relevance and admissibility of Barclay's testimony. As such, Johnson's *motion in limine* to exclude Harold Barclay's testimony is **DENIED** without prejudice.

## V. TESTIMONY OF BONNIE STONE

Johnson seeks to exclude the testimony of Bonnie Stone, claiming the only subject upon which she is qualified to testify has been excluded—Johnson's grievance allegations. ECF No. 50 at 6. The City points out that Ms. Stone is a witness which the City reserves the right to call and it would be premature to preclude the City from reserving their right to elicit testimony from Ms. Stone. ECF No. 52 at 8-9. Contrary to Johnson's contention, the City asserts that Ms. Stone may provide relevant evidence beyond testimony regarding Johnson's grievance allegations, namely, percipient witness testimony of the working relationship between Johnson and Beale prior to and after Johnson engaged in protected activity on September 9, 2015. *Id.* at 9. The City also represents that Ms. Stone testimony, if called, would not touch on the previously-excluded subject area. The Court agrees with the City that, at this point, it would be hasty to preclude Ms. Stone's testimony before the

trial. However, Johnson is welcome to renew his objection to Ms. Stone testifying at trial, and the Court shall decide then. Therefore, Johnson's motion *in limine* to preclude Bonnie Stone from testifying is **DENIED** without prejudice.

## VI. DEPARTMENT-WIDE TRAINING (INCLUDING EXHIBIT 39)

Johnson seeks to exclude exhibit 39, a December 2015 email exchange between City employees Elizabeth Maland and Yajaira Gharst, which discusses ensuring that all managers were up-to-date on all supervisory-related training and intentions to hold a one hour training from supervisors highlighting the guidelines regarding working out of classification. *See* ECF Nos. 50 at 6-7, 50-1. In the PTO, the City contends this exchange "shows steps taken by the City Clerk's Office in response to Plaintiff's retaliation complaint." ECF No. 55 at 18. Johnson asserts that the City's contention is groundless as the email pre-dates either adverse employment action at issue or his EEOC complaint. ECF No. 50 at 7. Similarly, Johnson contends that, to the extent the email was in response to his September 9, 2015 grievance about being assigned to manual labor tasks, exhibit 39 should be excluded due to the Court's exclusion of the contents of that grievance. *Id.* The City claims exhibit 39 will show that retaliation is prohibited by City policy and is relevant to whether intentional discrimination can be shown. ECF No. 52 at 9. The City also asserts that exhibit 39 "suggests the training would *possibly* occur in January 2016." *Id.* (Emphasis added). The City further asserts that training on "working out of classification" may have relevance pertaining to the nexus between Johnson's protected activity and the adverse employment action(s). *Id.* at 10.

The Court finds the City's assertion misguided. The City previously highlighted joint exhibits one and twelve as evidence showing that retaliation is prohibited under City policy, diminishing exhibit 39's relevance and making its introduction needlessly cumulative under Rule 403. Given the speculative timetable in the email and the lack of evidence showing this training was eventually held, the City's contention that Ms. Beale was trained on the City's anti-retaliation policy before Johnson complained her alleged retaliation falls flat. In fact, the City never confirms if or when this training was ever held.

Moreover, the City's bare assertion regarding exhibit 39's relevance to the nexus between Johnson's protected activity and the adverse employment actions is unpersuasive. In light of the foregoing reasons and the Court's prior orders, including its exclusion of exhibits 87 and 151 above, Johnson's motion *in limine* regarding exhibit 39 is **GRANTED**.

## VII. AFFIRMATIVE DEFENSES

In a separate motion *in limine*, Johnson moves for "an order excluding evidence of or reference to" the affirmative defenses the City failed to identify in the PTO and those solely related to non-triable claims pursuant to the Local Rules and Federal Rules of Evidence. *See* ECF No. 51. Johnson clarifies that he "is not seeking to preclude affirmative defenses related to causation, damages, or available remedies that . . . may be fairly pursued and argued at trial." *Id.* at 1. However, in reliance on Local Rule 16.1(f)(6)(c)(2), Johnson asserts that each defense not listed in the PTO in accordance with Local Rule 16.1(f) must be dismissed with prejudice. *Id.* at 3. In opposition, the City contends Johnson's motion is "overbroad, improper, unnecessary, and may lead to unintended consequences that are prejudicial to the City." ECF No. 53 at 1.

One matter a court may consider, *inter alia*, before issuing a final pretrial order is the formulation and simplification of defenses. Fed. R. Civ. P. 16(c)(2)(A). In the Ninth Circuit, "[a] defendant must enumerate its defenses in a pretrial order even if the plaintiff has the burden of proof. *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1077 (9th Cir. 2005) (citing *Southern Cal. Retail Clerks Union v. Bjorklund*, 728 F.2d 1262, 1264 (9th Cir. 1984)). The Ninth Circuit has "consistently held that issues not preserved in the pretrial order" are "eliminated from the action." *So. Cal. Retail Clerks*, 728 F.2d at 1264 (citing *U.S. v. Joyce*, 511 F.2d 1127, 1130 n. 1 (9th Cir. 1975)). "The very purpose of the pretrial order is to narrow the scope of the suit to those issues that are actually disputed and, thus, to eliminate other would-be issues that appear in other portions of the record of the case." *So. Cal. Retail Clerks*, 728 F.2d at 1264. Once signed, "[a] pretrial order has the effect of amending the pleadings and controls the subsequent course of action of the litigation." *Northwest Acceptance Corp. v. Lynwood Equip., Inc.*, 841 F.2d 918, 924 (9th Cir. 1988) (internal

quotations and citations omitted). A pretrial order may only be modified "to prevent manifest injustice." Fed. R. Civ. P. 16(e).

The City has waived the defenses asserted in its answer, which are not succinctly listed in the amended PTO. The PTO makes no reference to any of the thirty-two (32) defenses Johnson seeks to preclude. The City had multiple opportunities to include these defenses in their pretrial order but chose to generally describe its defenses to the retaliation claim. The purpose of the pretrial order is to narrow the scope of issues at trial, and a party waives the issues not raised in the pretrial order. While the City asserts that precluding evidence of these affirmative defenses would have intended consequences, these bare assertions do not show the need to prevent injustice to merit an amendment to the pretrial order. Surprisingly, the City does not request a modification of the pretrial order but suggests that Johnson object at trial "*if* the City offers actual evidence" relating to these defenses that is a surprise. ECF No. 53 at 2. Surprise is exactly what a pretrial order is intended to prevent and the City's gamesmanship only bolsters the need to eliminate these defenses. As such, the City has waived all defenses Johnson points out as not raised in the PTO. Therefore, Johnson's motion in limine regarding waived affirmative defenses is **GRANTED**. Accordingly, the City is precluded from presenting evidence, testimony, or argument at trial regarding the 32 affirmative defenses not listed in the PTO.

## VIII. MITIGATION EVIDENCE

Lastly, Johnson requests the Court order the City be precluded from introducing evidence, argument, and testimony to the jury that he failed to mitigate his economic losses at the compensation damages stage. ECF No. 51 at 4. The City asserts that evidence that Johnson has only applied for one promotional opportunity over the last three years is relevant to the jury's ability to determine compensatory damages. ECF No. 53 at 5-6. However, the requirement to mitigate damages does not apply to Title VII claims seeking compensatory damages. *See generally E.E.O.C. v. Fred Meyer Stores, Inc.*, 954 F.Supp.2d 1104, 1128 (D. Or. June 17, 2013) ("If Congress intended there to be a duty to mitigate all compensatory damages, it is illogical that it chose to single out back pay alone.").

Moreover, the Court finds that the parties have stipulated that the City waive and refrain from presenting evidence to the jury regarding its worker's compensation claim exclusivity affirmative defense. ECF No. 51-2 at 2. Therefore, the Court **GRANTS** Johnson's motion *in limine* regarding mitigation evidence. Accordingly, the City is precluded from presenting any evidence, argument, and testimony regarding Johnson failing to mitigate his economic loss damages to the jury.

## IX. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Johnson's motion *in limine* to exclude irrelevant or time-barred evidence [ECF No. 50]. Also, the Court **GRANTS** Johnson's motion *in limine* to exclude waived and/or abandoned affirmative defenses in its entirety.

**IT IS SO ORDERED.**

Dated: April 9, 2019

Hon. M. James Lorenz
United States District Judge